UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT

WEST PALM BEACH, FLORIDA

**MR. ELIAS SANCHEZ,**
    on his own behalf and others
    similarly-situated,

        **Plaintiff,**

vs.

**SUGAR FARMS CO-OP.,**
    a Florida Corporation,
**NEW HOPE SUGAR CO.,**
    a Florida Corporation**,**
**OSCEOLA FARMS CO.,**
    a Florida Corporation.

        **Defendants.**
_____/

## FIRST AMENDED COMPLAINT

Plaintiff, **MR. ELIAS SANCHEZ**, by and through undersigned counsel submits this First Amended Complaint against Defendants **SUGAR FARMS CO-OP (hereinafter "CO-OP")**, **NEW HOPE SUGAR CO., (hereinafter "NEW HOPE")** and **OSCEOLA FARMS CO., (hereinafter "OSCEOLA"),** all Florida corporations, for violations of the overtime provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (FLSA) as well as the retaliation provisions of the FLSA.  FLSA overtime violation is also brought on behalf of other current and former similarly-situated employees.  Amended Complaint also brings forth violation of the retaliation section of the Florida Worker's Compensation Statute, Fla. Stat. § 440.205 as well as the FLSA 29 § U.S.C. 215(a).  In support of said Complaint, Plaintiff avers as follows:

## JURISDICTION

1. Jurisdiction is conferred on this Court pursuant to 28 U.S.C. 1337, as cause of action are matter of Federal Law pursuant to FLSA 29 U.S.C. § 216(b).

2. Venue is proper in this District as all Defendants reside and/or operate in, and all unlawful acts occurred within Palm Beach County, Florida.

3. This Court also has supplemental jurisdiction on State claims pursuant to 28 U.S.C. §1367.

**PARTIES**

4. CO-OP and NEW HOPE, are Florida Corporations conducting business in Palm Beach County, Florida.

5. OSCEOLA, is a Florida Corporation also conducting business in Palm Beach County, Florida.

6. At all times material to this Complaint, all three Defendants shared the services of Plaintiff; and/or interchanged him for services; and/or exercised common control over Plaintiff and his duties.

7. Accordingly, based on information and belief all three Defendants operated as joint-employers of Plaintiff within the meaning of 29 U.S.C. §203(d).  All Defendants, individually and/or collectively had gross sales in excess of $500,000 per year.

8. Based on information and belief all three Defendants are engaged in commerce and/or in the production of goods for commerce as defined in sections 3(r) and 3(s) of the FLSA.

9. Plaintiff is a resident of Palm Beach County, Florida.  He is not an FLSA exempt employee for the relevant time period based on duties performed for Defendants.

10. Based on information and belief the additional employees who may become Plaintiffs in this case were also non-exempt employees, providing same, if not exact, duties as current

Plaintiff, and who also worked an excess of 40 hours without appropriate overtime compensation.

## GENERAL ALLEGATIONS

11. Plaintiff began employ with Defendant OSCEOLA sometime in 1997 and worked as a trailer parker for several months.

12. Sometime in 1998 Plaintiff began working for both OSCEOLA and NEW HOPE as a laborer.

13. At the time of his last day of actual employ in April 4, 2007, Plaintiff had been working for both OSCEOLA and NEW HOPE, splitting his time between each company and under the supervision of the same supervisor.

14. During his entire employ with Defendants Plaintiff worked 7 days a week. During the time in question he worked for OSCEOLA from 5:00 a.m. until approximately 11:00 p.m. For NEW HOPE he worked approximately 10 hours all 7 days.

15. At the time of his last day of employ and some of the time in 2006 Plaintiff was making $10.22 per hour; the amount for 2005 & 2006 was between $9.68 and $9.87, respectively.

16. While working for NEW HOPE and the CO-OP, Plaintiff's duties included but were not limited to carpentry work, construction, maintenance and all required manual labor for the upkeep of the ranch and resort homes maintained on the camp premises. Based on information and belief said premises were for recreational use.

17. Plaintiff also on occasions work on the private homes of Defendant owners providing storm preparation labor.

18. While working for OSCEOLA, Plaintiff's duties included hitching the transport wagons to the tractors. Plaintiff never drove the tractors.

19. Plaintiff was never compensated accordingly for the hours worked in excess of forty (40) hours as required by the FLSA.

20. Plaintiff is a non-exempt employee as respective duties performed do no qualify for the agricultural or any other exemption.

21. Defendants were aware of Plaintiff's duties and his non-exempt status during the time in question.

22. On or about July 17, 2006, Plaintiff became injured on the job. Plaintiff sustained serious injury to the back which necessitated medical attention and subsequent light duty restrictions.

23. Although Plaintiff sustained an on the job injury and was subject to worker's compensation protection Defendants failed to provide Plaintiff due medical rights under Florida Worker's Compensation statute.

24. Defendant also failed to follow Plaintiff's light duty limitations as prescribed by medical providers.

25. Accordingly, Plaintiff consulted and retained a worker's compensation attorney.

26. Sometime in April, 2007, Plaintiff who had been on medical leave, had been instructed to return to the office and provide medical documentation.

27. On or about April 2, 2007 while at Defendant's office, he was informed by his supervisor that "people were mad that he had consulted a worker's compensation attorney and had filed a complaint". Plaintiff understood this to mean that the owners and/or management of the company were upset.

28. Plaintiff then told supervisor that it was their fault for not providing him with medical treatment for his back. He further stated to him that he knew also that the company was

not paying him overtime and had not done so for so many years. He further stated that he could sue the company for their failure to pay him over time for almost 11 years.

29. Supervisor's response was to go ahead and file.

30. Plaintiff was then after instructed to leave the company truck at his house and that someone would come to pick it up at Plaintiff's house. Plaintiff understood he was being terminated. Some days after this incident another employee came by his house to pick up the truck.

## COUNT I-VIOLATION OF FLSA
### OVERTIME STATUTE
### 29 U.S.C. §216(B)

31. Plaintiff re-alleges paragraphs 1-21 herein, and further avers:

32. Plaintiff, and all other similarly-situated employees were entitled to be paid at one-half of their regular rate for each and every hour worked in excess of 40 hours per week.

33. Defendants intentionally and willfully failed to compensate Plaintiff, and all similarly-situated employees for over-time work.

34. As a result Plaintiff, and all other similarly-situated employees, have suffered damages in the form of lost wages and attorney's fees and costs.

## COUNT II-VIOLATION OF FLSA
### RETALIATION
### 29 U.S.C. 215(A)

35. Plaintiff re-alleges paragraphs 27-28, 30 herein, and further avers:

36. Plaintiff engaged in the protected activity of instituting a proceeding under the FLSA by making a verbal complaint to his employer.

37. As a result of said protected activity Plaintiff suffered an adverse employment action such a failure to accommodate medical limitations, mistreatment, and/or termination.

38. There exists a causal connection between the protected activity and the adverse actions.

### COUNT III-VIOLATION OF FLORIDA WORKER'S COMPENSATION RETALIATION STATUTE
### FLA. STAT. § 444.205

39. Plaintiff re-alleges paragraphs 22-30 herein, and further avers:

40. That Plaintiff participated in the protected activity by filing a worker's compensation claim.

41. That as a consequence of exercising these rights he suffered adverse employment actions such as continued failure to accommodate medical restrictions, mistreatment and/or termination.

42. That a causal connection exists between engaging in protected activity and adverse employment actions.

43. As a result of protected activity Plaintiff sustained and continues to sustain damages.

WHEREFORE Plaintiff requests the Court award the following damages against Defendants jointly and severally:

   a. Lost compensation at the one-half prescribed rate;

   b. Liquidated damages;

   c. Attorney's fees and costs under any and all statutes;

   d. Any and all Compensatory damages allowable under FLSA (retaliation) and Worker's Compensation retaliation.

   e. Any other relief that the Court deem appropriate under the circumstances and allowable under applicable laws.

## JURY TRIAL

Plaintiff requests a jury trial on all questions of fact underlying this Complaint.

Respectfully Submitted,

s/ *Mayra Gonzalez*
**Mayra L. Gonzalez**
FBN: 540498
**INTERNATIONAL IMMIGRATION**
**& LABOR SERVICES**
Attorneys for Plaintiff
One East Broward Blvd.
Suite 700
Ft. Lauderdale, FL 33301
Tel: 954-745-5821
Fax: 954-745-5812
*mlgins@yahoo.com*

## CERTIFICATE OF SERVICE

I hereby certify that on August 29, 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing documents is being served this date on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmissions of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

## SERVICE LIST

**Elias Sanchez vs. Sugar Farms Co-Op., et. al.**
**CASE NO: 08-80124-CIV-HURLEY/HOPKINS**
**United States District Court, Southern District of Florida**

Michael W. Casey, III., Esq.
mcasey@ebglaw.com
EPSTEIN BECKER & GREEN, P.C.
Attorneys for Defendants
Wachovia Financial Center
200 S. Biscayne Blvd.
Suite 4300
Miami, Florida 33131
Telephone:  305-579-3200
Fax: 305-579-3201
CM/ECF Electronic Filing